# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION LCA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-14-240-R |
| Sylvia M. Burwell, in her official capacity as Secretary, United States Department of Health and Human Services, *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the Motion to Amend the Court's prior Order granting in part Plaintiffs' request for a preliminary injunction. Doc. No. 69. For the following reasons, this motion is DENIED.

On June 4, 2014, after carefully considering the parties' positions on the matter, the Court granted in part Plaintiffs' request for a preliminary injunction in this case. This preliminary injunction prevents Defendants from any attempt at enforcing the contraceptive mandate and its related regulations against certain members of the Catholic Benefits Association (CBA). In this Order, the Court considered Plaintiffs' request to expand the scope of the preliminary injunction to benefit not only current members of the CBA, but also any future members of the CBA. In relevant part, the Court found that it was too difficult at the time to determine whether expanding the scope of the injunction

was proper, and the Court also found that expanding the scope of the injunction in this way would upset the status quo.

Plaintiffs now ask the Court pursuant to Fed. R. Civ. P. 59(e) to amend its prior Order so that the preliminary injunction covers three entities that acquired membership in the CBA subsequent to the June 4 Order.[1] As the contraceptive mandate is to take effect against the CBA's three new members on July 1, 2014, the Court ordered an expedited response to Plaintiffs' motion. And Defendants have now responded in opposition to any amendments to the Court's prior Order.

Under Fed. R. Civ. P. 59(e), Plaintiffs' motion "should be granted only on the following grounds: 1) an intervening change in the controlling law; 2) new evidence previously unavailable; or 3) the need to correct clear error or prevent manifest injustice." *Naylor Farms, Inc. v. Anadarko OGC Co.*, No. CIV-08-668-R, 2011 WL 7053794, at *1 (W.D. Okla. Oct. 14, 2011) (citations omitted). Here, Plaintiffs argue that this standard has been met. More specifically, Plaintiffs assert that "extending relief to the [CBA's] new current members would prevent manifest injustice and promote judicial economy . . . ." Doc. No. 69, at 5. By contrast, Defendants argue that the standard has not been met, essentially because Plaintiffs are merely arguing the same points previously argued in their original motion requesting preliminary relief.

Having considered the parties' positions on the issue, the Court finds that Plaintiffs' motion should be DENIED. It is undisputed that there has been no intervening

---

[1] Although Plaintiffs request relief for the CBA's three new members, Plaintiffs also hint at the present motion being the first of many. *See* Doc. No. 69, at 3-4 (explaining that the CBA anticipates a large amount of growth in the coming months).

change in controlling law in this circuit. Additionally, while Plaintiffs argue that new evidence exists in this case—the fact that three entities acquired membership in the CBA after the Court entered its preliminary injunction Order—the Court disagrees. Indeed, at the time the Court entered its preliminary injunction Order, the Court was well aware of the possibility of the CBA subsequently adding new members. The Court is also unpersuaded that there is any need to act in order to correct clear error or prevent manifest injustice. In its prior Order, the Court decided not to extend the relief to future members of the CBA, which necessarily includes those entities that acquired membership in the CBA even a few days after the Court's entry of the preliminary injunction. These new members—and those entities that will join the CBA prior to Plaintiffs' claims being resolved—are not left without the means to protect their interests. That is, they are free to seek their own relief. And finally, Plaintiffs' judicial economy argument is unavailing. As Defendants put it, although extending preliminary relief would promote judicial economy to some extent, there is clearly a "countervailing interest in avoiding the sort of open-ended injunctive relief that [the] CBA now seeks . . . ." Doc. No. 72, at 4. It is apparent to the Court that this could be the first of many motions requesting amendment of the preliminary injunction, if the CBA's projected growth is accurate. The Court finds it inappropriate to frequently revisit this matter while Plaintiffs' claims are pending.

Accordingly, Plaintiff's Motion to Amend is DENIED. Plaintiffs' Motion for Expedited Briefing and Oral Argument with regard to this Motion to Amend, Doc. No. 70, is also DENIED AS MOOT.

IT IS SO ORDERED this 26th day of June, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE