IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION LCA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case Nos. CIV-14-240-R CIV-14-685-R |
| HARGAN, *et al.*, | ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Plaintiffs' Motion for Permanent Injunction and Declaratory Judgment, *CBA I* (CIV-14-240-R) Doc. 161 and *CBA II* (CIV-14-685-R) Doc. 57. This case began with the Affordable Care Act's contraceptive mandate ("the Mandate," defined below) and has continued for several years through changes in implementing regulations, the Government's position on the Mandate's legality and accommodation process, and nationwide litigation over the application of the Religious Freedom and Restoration Act ("RFRA") to religious employers' provision of healthcare consistent with their faith. Defendants no longer defend the Mandate or its accommodation process to Plaintiffs' RFRA claim, and they concede that the issue is not moot. Having considered the parties' briefs and all relevant legal authority, the Motion is GRANTED AS SET FORTH HEREIN.

The Court ORDERS that this Court's previous preliminary injunctions in *CBA I* (CIV-14-240-R, Doc. 68, at 21, as modified by Docs. 84, 107, 116, 128, 138, and 146) and in *CBA II* (CIV-14-685-R, Doc. 40, at 15) are hereby replaced in their entirety by the following:

1

The Court restricts relief to Plaintiffs and future Group II Members (non-exempt nonprofits) and Group III Members (for-profit employers) of the Catholic Benefit Association ("CBA") that meet the following criteria:[1]

1) The employer is not yet protected from the Mandate;

2) The CBA's Membership Director or CEO has determined that the employer meets the CBA's strict membership criteria;

3) The CBA's Membership criteria have not changed since the CBA filed its complaint on March 12, 2014; and

4) The employer has not had an adverse ruling on the merits issued against it in another case involving the Mandate.

The Court hereby DECLARES that Defendants—the United States Departments of Health and Human Services, Treasury, and Labor, along with their respective Secretaries—violated RFRA, 42 U.S.C. § 2000bb-1 *et seq.*, by promulgating and enforcing regulations pursuant to 42 U.S.C. § 300gg-13 that require Plaintiffs to take actions that facilitate the provision, through or in connection with their health plans, of Food and Drug Administration-approved contraceptive methods, abortifacients, sterilization procedures, and related patient education and counseling ("the Mandate").

The Court also finds that Plaintiffs have met the standards necessary for injunctive relief: (1) Plaintiffs have demonstrated, and Defendants now concede, that enforcement of the Mandate against Plaintiffs would violate their rights under RFRA; (2) Plaintiffs will suffer irreparable harm to their ability to practice their Catholic beliefs—harm that is the direct result of Defendants' conduct—unless Defendants are enjoined from further interfering with Plaintiffs' religious practice; (3) The threatened injury to Plaintiffs outweighs any injury to Defendants

---

[1] The Court adopts its prior Group II and III definitions. *See* Preliminary Injunction, Doc. 68, at 19. This order does not modify the Court's prior denial of relief for CIC and CBA Group I Members. *See id.* at 10–11, 14–15.

resulting from this injunction; and (4) The public interest in the vindication of religious freedom favors the entry of an injunction.

The Court therefore PERMANENTLY ENJOINS AND RESTRAINS Defendants, their agents, officers, and employees, and all others in active concert or participation with them, including their successors in office, from enforcing 42 U.S.C. § 300gg-13(a)(4) and regulations passed in relation to this statute—or from enforcing any penalties, files, assessments, or other adverse consequences, including any penalties under 26 U.S.C. §§ 4980D and 4980H, as a result of noncompliance with any law or regulation requiring the provision of religiously-objectionable contraceptive methods, abortifacients, sterilization procedures, and related patient education and counseling ("medical care") since August 1, 2011—against CBA members, their health plans, their health insurance issuers, or third-party administrators in connection with their health plans, to the extent that these laws and related regulations require CBA members to contract, arrange, pay, or refer for religiously-objectionable medical care.

For the reasons set forth herein, Plaintiffs' Motion for Permanent Injunction and Declaratory Judgment, *CBA I* (CIV-14-240-R) Doc. 161 and *CBA II* (CIV-14-685-R) Doc. 57, is GRANTED. The Court further orders that any petition by Plaintiffs for attorney's fees or costs shall be submitted within 45 days from the date of this order. The Court shall retain jurisdiction as necessary to enforce this order.

IT IS SO ORDERED this 7th day of March, 2018.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE