## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION LCA, *et al.*, | § § § | |
| Plaintiffs, | § § | Case No. 14-cv-00240-R |
| v. | § § | and |
| AZAR, *et. al.*, | § § | Case No. 14-cv-685-R |
| Defendants. | § § | |

## DECLARATION OF MICHAEL BURRAGE

I, Michael Burrage of WHITTEN BURRAGE ("WB") declare under penalty of perjury, as follows:

1.     I am a partner at WB. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Litigation Expense, filed contemporaneously herewith. Unless otherwise stated herein, the statements made herein are made based upon my personal knowledge and information available to me to the best of my recollection, and while I do not believe there are any errors, omissions, incomplete or incorrect statements, to the extent any occur, they are wholly accidental and unintentional.

2.     I have vast experience in complex litigation and class actions in the Federal and state Courts of Oklahoma and other courts across the country. I have practiced law in Oklahoma since 1974.

3.     I served as Chair of the Oklahoma State Committee from 2008-2009 for the American College of Trial Lawyers and in 2008, was selected as one of the Top Attorneys in Oklahoma by Oklahoma Magazine. I am a member of the Oklahoma and American Bar

EXHIBIT C

Associations, a fellow of the American Bar Foundation and am a member of the Oklahoma Supreme Court Committee for Civil Jury Instructions.

4.     In addition to my experience in private practice, I also served as a United States District Judge for the Eastern District of Oklahoma from 1996 to 2001. During that time I also sat by designation of the Chief on approximately 40 cases for the United States Court of Appeals for the 10th Circuit. In 2001 I returned to private practice.

5.     Through all the above experiences, I am deeply familiar with the work that is reasonably necessary in order to advocate for clients and prevail in high stakes litigation.

6.     Through all of the above experiences, I have become experienced and familiar with the market rates for attorneys operating on various fee structures.

7.     I have discussed this case with Martin Nussbaum, the lead attorney for the Catholic Benefits Association. I have also reviewed the verified complaint, the docket, and other case documents available on the Catholic Benefits Association's website. Additionally, I reviewed the billing records in this case and the Declaration of Martin Nussbaum. Based on my review of these materials and discussions with Martin Nussbaum, and relying upon my experience in complex litigation and class actions, I fully support the Plaintiffs' request for attorneys' fees and litigation expenses.

8.     I believe that Plaintiffs' counsel achieved an extraordinary result in this case. First, I recognize what was at stake in this litigation. The members of the Catholic Benefits Association were collectively exposed to well in excess of $7 billion in fines because they had refused to violate their consciences by complying with the challenged regulations.

2

EXHIBIT C

9.      Further, I recognize that counsel have achieved excellent relief for the Catholic Benefits Association and its members. Within three months after filing suit, counsel had secured preliminary relief for members. Over the next three years, counsel fought to expand this relief to cover hundreds of more members. Most recently, through this Court's permanent injunction and declaratory relief, counsel have permanently protected members from more than $7 billion in fines, have protected members from the current version of the challenged regulations, and even future regulations promulgated under the same statute.

10.     In evaluating Plaintiffs' counsel's request for attorneys' fees and costs, I have taken into account the extraordinary nature of this litigation. I am aware of no other episode that has involved more than a hundred lawsuits proceeding in parallel in federal courts, brought by similar plaintiffs, all challenging a single set of federal regulations. In my professional judgment, it was necessary for Plaintiffs' counsel to carefully watch these lawsuits, including the changing arguments the government were making in these cases and the judicial decisions in these cases, in order to adequately represent the Catholic Benefits Association's and its members' interests in this case.

11.     I have also taken into account the unusual efforts the government made to defend its regulations, including the many rule changes and other announcements that were made to preserve their regulations from legal challenge. In my professional judgment, it was necessary for Plaintiffs' counsel to carefully study these developments in order to adequately represent the Catholic Benefits Association's and its members' interests in this case.

EXHIBIT C

12.     I have also taken into account the aggressive nature in which the government defended their regulations before this Court and in related litigation, including representations that the government later withdrew before the Supreme Court. The governments' tactics substantially increased the efforts required by Plaintiffs' counsel to successfully protect their clients' interests.

13.     I have also taken into account the complex nature of the legal issues at stake in this litigation. The Plaintiffs' verified complaint and briefing are well written and are clearly the product of a well-assembled legal team with the expertise necessary to address complicated legal issues including religious liberty, constitutional law, the Affordable Care Act, the Administrative Procedure Act, ERISA, and insurance law.

14.     I have also taken into account the great communications challenges that a case of this magnitude presents. First, given the number of other similar cases proceeding at the same time in other federal courts across the nation, it was prudent and efficient for Plaintiffs' counsel to develop and take advantage of a Common Interest and Joint Defense Agreement in order to stay on top of developments in related cases and use these insights to further their clients' interests. Second, given that the Catholic Benefits Association has about a thousand members, each of which had to make important decisions related to their benefits plans in response to the threats posed by the regulations at issue in this case, it was prudent and efficient for Plaintiffs' counsel to use webinars, conference calls, bulletins, a website, and similar means to communicate with and advise Catholic Benefits Association members.

EXHIBIT C

15.     In evaluating Plaintiffs' submitted attorneys' fees and expenses, I have taken into account my personal knowledge of the considerable effort and expense that are necessary to successfully bring a class action lawsuit. In my judgment, Plaintiffs' counsel achieved substantial savings for the Catholic Benefits Association by bringing this case under the theory of associational standing. This conclusion takes into account the time and effort that Plaintiffs' counsel spent helping the Association organize under Oklahoma law, as without this foundation the Association would not have been prepared to present itself as a non-profit corporation that was well-positioned to represent its members' interests in litigation against the challenged regulations.

16.     In evaluating Plaintiffs' submitted attorneys' fees and expenses, I have also taken into account the government's repeated argument that each Association member should have to file a separate lawsuit in order to protect themselves from regulations that the government now admits are illegal as applied to these same employers.

17.     It is my professional experience and judgment that many important injustices and illegal acts would go unaddressed were it not for devices like associational standing and class actions that allow counsel to efficiently represent many parties' legal interests at the same time. For example, I am at present lead counsel in a lawsuit brought by the Oklahoma Attorney General against four of the nation's leading manufacturers of opioid pain medication. It would be deeply unjust if these manufacturers convinced a court that each affected Oklahoma family had to file a separate lawsuit to challenge these pharmacies' actions. Few families or nonprofits can afford the legal representation

5

EXHIBIT C

necessary to take on large corporations. This is even more the case when, as in this case, plaintiffs are seeking relief against the federal government.

18.     Given the highly complex nature of this litigation, and given the high level of legal expertise and advocacy required to successfully bring this case against the federal government, it is my professional judgment that the hourly rates on Appendix I in Martin Nussbaum's declaration are within the range—and indeed below—those normally and customarily charged by attorneys and paraprofessionals of similar qualifications and experience in comparable cases. While I am not intimately familiar with the legal market in Colorado Springs, the primary office for most of Plaintiffs' counsel, the submitted rates are more that reasonable compared to attorneys and paraprofessionals of comparable qualifications and experience in the Oklahoma City legal market. Even if this were not so, this case is clearly national litigation because it involves a federal regulation, because the Catholic Benefits Associations serves employers from many states, because it was conducted before eight U.S. Circuit Courts of Appeals, and because it involved numerous rulings by the U.S. Supreme Court. Accordingly, national rates should apply.

19.     I have been provided with access to material information supporting the fee and expense requests that are the subject of this declaration, and have reviewed such materials. In my judgment, the number of hours expended and the services performed by Plaintiffs' counsel and included on their petition for attorneys' fees and expenses were reasonable and expended for the benefit of the Catholic Benefits Association and its members in this Litigation. Given the enormous stakes of this litigation, and given that outstanding results that Plaintiffs' counsel have achieved for the Catholic Benefits

6

EXHIBIT C

Association and its members, it is my professional judgment that Plaintiffs' counsel were remarkably efficient in litigating this case for around $3,500 per Association member.

20.    For all these reasons, I fully support the Plaintiffs' request for attorneys' fees and litigation expenses.

Dated:    April 20, 2018

_____
Michael Burrage
WHITTEN BURRAGE

7

EXHIBIT C