IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CATHOLIC BENEFITS ASSOCIATION LCA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | No. 14-cv-240-R |
| v. | ) ) | and |
| AZAR, *et. al.*, | ) ) | No. 14-cv-685-R |
| Defendants. | ) ) | |

**SECOND ADDENDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS UNDER 42 U.S.C. § 1988**

Pursuant to the Court's June 21, 2018, order, the CBA hereby submits, as Exhibit 1, reformatted billing records and, as Exhibit 2, reformatted cost records, in support of its Motion for Attorneys' Fees and Non-taxable Costs, ECF No. 187. The CBA will also submit each of these exhibits to the Court in Excel format via email.

Additionally, the CBA is submitting charts in response to certain issues raised in the Departments' Supplemental Brief in Opposition to Plaintiffs' Motion, ECF No. 195. The Departments' Exhibits 3-10 purport to summarize the time that the CBA spent on various tasks and are offered in support of their claims that the time the CBA' counsel spent on this case was "uniformly excessive." Because those exhibits are misleading, the CBA now offer corresponding Exhibits 3-10 that offer the Court a more detailed and accurate look at the billing entries listed on the Departments' exhibits. Exhibit 11 shows that the Departments double-counted twenty-two time entries as candidates for reductions in their exhibits.

1

**COMMENTS**

As before, ECF 193, the CBA offer limited comments regarding the exhibits here.

A.      **Exhibit 1: Chart on Fees**

The CBA's original motion for fees reported 6,538.15 compensable hours incurred by the CBA resulting in a request for $3,334,696.50 in fees. ECF 188-1 at 45 (Appendix I of Martin Nussbaum's April 20, 2018 Declaration). Upon closer, good faith review of the billing records, CBA reduced this request to $3,064,474.50 fees based on 5,987.30 hours in its first addendum. ECF 193 at 1-3.

The Court's request for reformatted billing records gave the CBA another opportunity to review in good faith its request for fees. The CBA have excluded some additional time, mostly hours by Joel Glover and William Mahaffey, on corporate matters that the CBA now views as too unrelated to the litigation. Plaintiffs have also found some small discrepancies between the totals calculated in the chart on ECF 193 at 2-3 and the attached Exhibit 1. After thorough review by paralegal staff, the CBA believe that entering all billing entries into a single spreadsheet has eliminated some minor tabulation errors.

The CBA have also added hours to their request, reflecting hours spent in June and to date in July in responding to the Court's order and the Departments' many arguments in its two opposition briefs.  The CBA now revise their request to $3,1034,966.00 in fees based on 6,098.80 hours billed as set forth below:

| Timekeeper | Year grad. from law school | Original Requested Hours | Revised Requested Hours | Rate | Original Request | Revised Request |
|---|---|---|---|---|---|---|
| Frederick Baumann | 1979 | 6.30 | 6.30 | $670.00 | $4,221.00 | $4,221.00 |
| Emily A. Bayton | 2002 | 6.40 | 0 | $520.00 | $3,328.00 | $0.00 |
| Scott Browning | 1993 | 25.10 | 25.10 | $590.00 | $14,809.00 | $14,809.00 |
| Nicholas N. Dyer | 2008 | 107.50 | 62.80 | $395.00 | $42,462.50 | $24,806.00 |
| Nathaniel W. Edwards | 2008 | 19.10 | 0 | $485.00 | $9,263.50 | $0.00 |
| Edward A. Gleason | 1979 | 6.50 | 6.20 | $545.00 | $3,542.50 | $3,379.00 |
| Joel Glover | 1991 | 44.30 | 19.80 | $560.00 | $24,808.00 | $11,088.00 |
| John M. Guevara | 2015 | 13.50 | 13.50 | $335.00 | $4,522.50 | $4,522.50 |
| Eric Hall | 2000 | 9.30 | 9.30 | $510.00 | $4,743.00 | $4,743.00 |
| David M. Hyams | 2008 | 19.90 | 12.40 | $340.00 | $6,766.00 | $4,216.00 |
| Nickolas C. Jensen | 2009 | 2.70 | 2.70 | $360.00 | $972.00 | $972.00 |
| Eric N. Kniffin | 2003 | 2,397.65 | 2,401.00 | $440.00 | $1,054,966.00 | $1,058,222.00 |
| H. William Mahaffey | 1980 | 463.55 | 371.70 | $610.00 | $282,765.50 | $226,737.00 |
| L. Martin Nussbaum | 1985 | 2,498.65 | 2,329.20 | $610.00 | $1,524,176.50 | $1,420,812.00 |
| Brent R Owen | 2012 | 10.60 | 10.60 | $285.00 | $3,021.00 | $3,021.00 |
| Andrew Rubin | 2008 | 11.50 | 0 | $355.00 | $4,082.50 | $0.00 |
| Kyle N. Siegal | 2012 | 31.70 | 0 | $290.00 | $9,193.00 | $0.00 |
| Ian S. Speir | 2011 | 685.90 | 681.20 | $420.00 | $288,078.00 | $286,104.00 |
| Jan Steinhour | 1982 | 11.10 | 11.00 | $610.00 | $6,771.00 | $6,710.00 |
| Arlene K. Martinez | Paralegal 32 years | 154.90 | 151.80 | $250.00 | $38,725.00 | $37,950.00 |
| Karen I. Wildman | Paralegal 27 years | 12.00 | 0 | $290.00 | $3,480.00 | $0.00 |
| **TOTAL FEES** | | **6,538.15** | **6,098.80** | | **$3,334,696.50** | **$3,103,966.00** |

3

105486299_1

In response to the Court's request, the CBA's Exhibit 1 divides its time entries into the following categories: Litigation-General; Litigation-Other (including moot court and amicus time); Corporate; and Member Services. The CBA has not included "Morally compliant insurance" as a separate category as this does not designate a separate category of work, but only work that was performed under a different matter before the CBA was formed. Instead, the CBA has assigned work performed under matter number 229535-00102. The CBA has categorized these entries with the belief, as expressed in the CBA's reply brief, that all of this work is related to the CBA's lawsuit and compensable under Section 1988.

### B.      Exhibit 2: Chart on Costs

The CBA's motion submitted a request for costs of $39,188.06. *See* Nussbaum Decl., ECF 188-1, Section VII. The CBA has revisited its request for costs in the process of preparing a spreadsheet with its costs.

The CBA has identified a total of $41,105 in costs associated with this litigation. Of those costs, it has excluded costs that were taxed by the Court or deemed not recoverable by the Court in its Bill of Costs, ECF 194, or costs that the CBA no longer believes are recoverable in light of further consideration and the arguments presented by the Departments. In light of these exclusions, the CBA requests non-taxable costs in the amount of $38,149.74 as explained below:

| Item No. | Expense | Original Request | Revised Request |
|---|---|---|---|
| 1 | Travel, food, & lodging | $12,119.04 | $11,222.70 |
| 2 | Pro hac, PACER, & related fees | $1,121.71 | $1,090.16 |
| 3 | Transcript & photocopying services | $361.64 | $0.00 |
| 4 | Postage & deliveries | $427.34 | $357.52 |
| 5 | Legal research | $25,158.53 | $25,479.36 |
|  | **TOTAL COSTS** | $39,188.06 | $38,149.74 |

These costs are detailed and categorized in Exhibit 2, filed along with this addendum.

C.   **Exhibits 3-11: Charts on Certain Tasks, Chart on Double-Counted Billing Entries**

The Departments submitted along with their supplemental brief eight charts that purport to show that the work of CBA' counsel on this matter was "uniformly excessive." *See* ECF 195, Exs. 3-10. Departments' analysis is flawed for at least three reasons.

**First**, as Departments acknowledge, these charts "include[] the total time for any entry that includes" their identified topic, "even if the entry also includes other tasks." ECF 195 at 10 n.5. Departments' approach to include all time is misleading and punitive.  For example, the Departments cite to an 8.0 hour billing entry for Martin Nussbaum from March 11, 2014, the day before the CBA filed its original complaint. The narrative for that billing entry reads:

> Exchange email messages with Messrs. [Redacted] and Caine re timing for filing the lawsuit and related issues. Numerous email communications re banking issues predicate to filing suit. Phone conference with Ms. Morrissey re same. Email to Mr. Baird r e same. Email to Mr. Caine re same. Further revision of brief in support of preliminary injunction. Conference with Mr. Speir re several litigation issues. Continue revising brief in support of motion for preliminary injunction. Forward to assistant to prepare table of cases and authorities. *Review and revise press release. Email to Mr. Caine re same.*

5

Whatever else this entry shows, it does not show that Mr. Nussbaum billed eight hours of "media-related fees" the day before the CBA filed suit.

In order to better help the Court evaluate the time that counsel spent and CBA paid for on the subject matters scrutinized by Departments, counsel have reviewed each of the entries in Exhibits 3-10. The CBA's Exhibits 3-10 provide the original narrative for each entry cited by Departments. Where counsel found that only part of the time for this entry was attributable to "media-related fees" or "researching standing," for example, the CBA has **bolded** the portion of the narrative that is not related to the subject matter identified by the Departments. Then, using counsel's contemporaneous notes and email records, the CBA has determined, in good faith, the amount of time for the relevant portion of the narrative. The CBA has then **bolded** the amount of time from that billing entry actually related to media-related fees, drafting the complaint, and so on. Thus, the second line of the CBA' attached Exhibit 4 reads as follows:

| Date | Name | Ds' Est. Time | Actual Time | Lodestar Rate | Fees at Lodestar Rate | Description | Notes |
|---|---|---|---|---|---|---|---|
| 3/11/14 | Nussbaum | 8.0 | **0.8** | $610 | $488.00 | **Exchange email messages with Messrs. [Redacted] and Caine re timing for filing the lawsuit and related issues. Numerous email communications re banking issues predicate to filing suit. Phone conference with Ms. Morrissey re same. Email to Mr. Baird r e same. Email to Mr. Caine re same. Further revision of brief in support of preliminary injunction. Conference with Mr. Speir re several litigation issues. Continue revising brief in support of motion for preliminary injunction. Forward to assistant to prepare table of cases and authorities.** Review and revise press release. Email to Mr. Caine re same. | |

This entry shows that counsel determined that only the last two sentences in the narrative relate to "media-related matters" and that Mr. Nussbaum recorded .8 hours for his work on the press release and email to Mr. Caine, not 8.0 hours. The net result is that the Departments have substantially overstated the time they contend is not compensable.

**Second**, it appears that the Departments' charts are overbroad because they reflect entries identified through a key word search without much selectivity. For example, their Exhibit 7 purportedly shows that "plaintiffs spent an unreasonable amount of time preparing for the April 29, 2015 hearing." ECF 195 at 12. However, more than half of the time tabulates the time "Plaintiffs spent . . . planning for, and participating in a moot court," ECF 195 at 8. However, the chart also includes four entries from the day before and the day of the hearing, time that was spent travelling between Colorado Springs and Oklahoma City, attending the hearing in chambers, and briefing local counsel on the hearing—time that would have been spent on this hearing even if the CBA had not prepared for the hearing at all. Thus, the last four lines of the CBA' attached Exhibit 7 read as follows:

| Date | Name | Ds' Est. Time | Actual Time | Lodestar Rate | Fees at Lodestar Rate | Description | Notes |
|---|---|---|---|---|---|---|---|
| 4/28/15 | Nussbaum | 7.5 | 2.0 | $610 | $3,675.00 | **Transit to Oklahoma City for argument;** review and outline issues from government's brief for final preparation of Mr. Kniffin (10.50 hours worked/7.50 hours billed). | Travel related to the hearing is not time "preparing for the . . . hearing" as defined by defendants |
| 4/28/15 | Kniffin | 8.0 | 2.0 | $440 | $2,720.00 | Prepare for hearing on motion to amend; travel to Oklahoma City (11.30 hours worked; 8.0 hours billed) | Travel related to the hearing is not time "preparing for the . . . hearing" as defined by defendants |
| 4/29/15 | Nussbaum | 8.0 | 1.0 | $610 | $3,920.00 | Conference with Mr. Kniffin in preparation for oral argument; **transit to court house; representation during oral argument; conference with Ms. A. Ables and Mr. J. Blasingame; transit to Colorado Springs** (11.5 hours worked, 8.0 hours billed) | Attending the hearing, debriefing with local counsel, and travel related to the hearing is not time "preparing for the . . . hearing" as defined by defendants |

7

105486299_1

| Date | | Hours | | Rate | Amount | Description | Notes |
|---|---|---|---|---|---|---|---|
| 4/29/15 | Kniffin | 8.0 | 1.0 | $440 | $2,720.00 | Prepare for hearing; **hearing on motion to amend and simplified protocol before Judge Russell; debrief with Mr. M. Nussbaum; debrief with Mr. Nussbaum and Ms. N. Matthews; transit to Colorado Springs** (9.70 hours worked; 8.0 hours billed) | Attending the hearing, debriefing with local counsel, and travel related to the hearing is not time "preparing for the . . . hearing" as defined by defendants |

Again, the effect of this practice is to substantially overstate the time the CBA actually spent on the identified tasks. Once this time is excluded, the "time preparing for the April 29, 2015 hearing," shrinks from 59.9 hours to 33.8 hours.

**Third**, Departments' Exhibits 3-10 include 22 entries on two different charts, thus asking the Court the exclude the same hours *twice*. The the CBA' Exhibit 11 lists these entries and shows where they appear on the Departments' exhibits.

## CONCLUSION

In support of their briefs, the CBA attach their reformatted billing records and related exhibits in support of their revised request for an award of $3,103,966.00 for reasonable fees and for $38,149.74 for reasonable expenses and costs.

          Respectfully submitted,

          *s/ L. Martin Nussbaum*
          L. Martin Nussbaum (Colo. Bar #15370)
          Eric N. Kniffin (Colo. Bar #48016)
          Ian S. Speir (Colo. Bar #45777)
          LEWIS ROCA ROTHGERBER CHRISTIE LLP
          90 S. Cascade Ave., Suite 1100
          Colorado Springs, CO 80903
          o:719-386-3000; f:719-386-3070
          mnussbaum@lrrc.com
          ekniffin@lrrc.com
          ispeir@lrrc.com
          *Admitted pro hac vice*

          J. Angela Ables (Okla. Bar #0112)
          Johnny R. Blassingame (Okla. Bar #21110)
          KERR, IRVINE, RHODES & ABLES, P.C.

105486299_1

>
> 201 Robert S. Kerr Ave., Suite 600
> Oklahoma City, Oklahoma 73102
> o:405-272-9221; f:405-236-3121
> aables@kiralaw.com
> jblassingame@kiralaw.com
>
> *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

On July 16, 2018, I transmitted this to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

>
> *s/ Eric N. Kniffin*
> Eric N. Kniffin

sdg